UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>     v.<br><br>DONALD J. TRUMP et al.,<br><br>            Defendants. | CASE NO. 2:25-cv-00125-DGE<br><br>ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE |

At approximately 6:48 p.m. Pacific Standard Time on Saturday, January 18, 2025, Plaintiff using a pseudonym filed a proposed complaint for emergency injunction (Dkt. No. 1) and an application to proceed *in forma pauperis* ("IFP") (Dkt. No. 2). Named as defendants in the proposed complaint are President-elect Donald J. Trump, President Joseph R. Biden, Speaker of the House of Representatives Mike Johnson, and House of Representatives Minority Leader Hakeem Jeffries. The proposed complaint is not a model of clarity and contains conclusory statements without any facts supporting such conclusory statements.

Plaintiff asserts the basis for this Court's jurisdiction includes:

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE - 1

      Amendment 14 Section 3, of The Constitution, 18 USC 2383, Conspiracy Against Rights, 18 USC 241, The Matthew Shepard and James Byrd Jr. Act Hate Crimes Prevention Act of 2009, 18 USC 249, Violent Interference With Federally Protected Rights 18 USC 245, The COVID-19 Hate Crimes Act – 34 USC 30501, Title 18 §242. Deprivation of rights under color of law, VII The Civil Right act of 1964, 28 USC 509B: Section to enforce human rights law.

(Dkt. No. 1 at 3.) Plaintiff seeks an "EMERGENCY INJUNCTION to halt the 1/20/25 swear in of Donald J. Trump as President[.]" (*Id*. at 5.) Plaintiff asserts they have "video evidence of Mr. Trump allegedly conspiring to & admitting to allegedly intending to commit hate crimes and other crimes that violate the rights of American Citizens AFTER he becomes President[,]" but does not provide any facts supporting this allegation. (*Id.*) Plaintiff further asserts they are "filing [this litigation] in regards to the affirmed, adjudicated insur[r]ectionist Mr. Trump's ineligibility to hold a federal office according to TWO laws, one of which, [is] Amendment 14 Section 3 of our Constitution[.]" (*Id*.) Plaintiff does not identify the second law they rely on.

      Regarding Plaintiff's request for an emergency injunction to halt the inauguration of President-elect Trump, Plaintiff has not filed a motion for preliminary injunction or a temporary restraining order that complies with Federal Rule of Civil Procedure 65. Nor does the Complaint identify the factual or legal basis identifying why the proposed named defendants are the proper defendants against whom this Court may exercise jurisdiction.

      Also, Plaintiff's proposed complaint and IFP application are filed under a pseudonym but have been filed without an accompanying motion for leave to file pleadings using a pseudonym. The proposed complaint makes only a bare statement that Plaintiff seeks "to be referred to as Jane Doe aka Crist due to the safety concerns in light of Trump supporters being known to terrorize people and places." (*Id*.)

    **A. IFP application denied for failure to seek leave to file pleadings using a pseudonym**

Any party filing a civil action in district court must pay a filing fee. 28 U.S.C. § 1914(a). An action may be commenced without a filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which requires the filing of an affidavit declaring a party's inability to pay the filing fee. In the present form, Plaintiff's affidavit is improper because Plaintiff does not identify themself. Plaintiff has not filed a motion seeking leave, and therefore has not been granted leave, to proceed using a pseudonym.

In determining whether a litigant may proceed under a pseudonym, a district court balances: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) the public interest." *Doe v. City of El Monte*, 2020 WL 13587978, *1 (C.D. Cal. Jan. 29, 2020) (citing *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

Here, while Plaintiff's proposed complaint contains a statement requesting Plaintiff "be referred to as Jane Doe aka Crist due to the safety concerns in light of Trump supporters being known to terrorize people and places," Plaintiff does not provide any information or facts to support the request and otherwise fails to address the factors courts are required to consider in evaluating whether a party may proceed using a pseudonym. As Plaintiff has not filed a proper request for leave to proceed using a pseudonym, Plaintiff's IFP application is improperly filed.

Accordingly, Plaintiff's IFP request is DENIED in its current form without prejudice.

**B. IFP application also denied because proposed complaint's fails to state a claim**

A court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," fails to state a claim on which relief may be granted," or "seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a court may dismiss a case *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–308 (1989) (noting there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

Here, Plaintiff's proposed complaint asserts this Court's jurisdiction is based on the Fourteenth Amendment and several federal statutes. As for the federal statutes cited, Plaintiff's proposed complaint is unclear as to how those statutes confer subject matter jurisdiction and personal jurisdiction over the proposed named defendants. It also is void of any factual allegation or legal explanation identifying how or why any of those federal statutes are applicable to the relief Plaintiff seeks.

As to Plaintiff's reference to Section 3 of the Fourteenth Amendment, Plaintiff seems to assert President-elect Trump is subject to this provision because Plaintiff claims he is an "adjudicated insur[r]ectionist."  But Plaintiff's proposed complaint fails to provide clarity regarding the nature of this claim and has not provided sufficient allegations to show what happened, when it happened, who was involved, and how those acts permit the relief Plaintiff seeks.  (*See* Dkt. No. 1 at 5–6.)  Plaintiff has not adequately stated a claim or provided explanations sufficient to show wrongdoing by any of the named Defendants or to show what action the named Defendants may be required to execute.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully harmed-me accusation"); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (to state a claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Accordingly, Plaintiff's proposed complaint fails to state a claim for relief, which means Plaintiff's IFP application is DENIED without prejudice.

**C.  Conclusion**

Plaintiff's IFP application was filed using a pseudonym without an accompanying motion seeking leave to proceed using a pseudonym.  To the extent Plaintiff desires to proceed with a claim using a pseudonym, Plaintiff must file an appropriate motion that addresses the factors the Court is required to consider in evaluating whether a party is allowed to proceed using a pseudonym.[1]  In addition, Plaintiff's current proposed complaint fails to state a claim.  This

---

[1] Presumably this initial motion should be filed under seal and the Plaintiff would identify themself to the Court so that the Court is certain the Plaintiff is a real person.  Assuming the action is allowed to proceed, a defendant subsequently would be allowed to challenge any decisions related to said motion.

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE - 5

means if Plaintiff chooses to file a new IFP application, she will need to file a new proposed complaint that addresses the deficiencies identified in this order. Plaintiff's proposed amended complaint as currently drafted may not proceed.

Accordingly, Plaintiff's IFP application is DENIED without prejudice and this matter is dismissed without prejudice. Plaintiff may refile but the new filings must address the deficiencies identified herein.

Dated this 19th day of January, 2025.

David G. Estudillo
United States District Judge